**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| POWER2B, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:21-cv-00348-JRG-RSP |

**PLAINTIFF POWER2B'S OPPOSED MOTION TO ENTER FOCUSING ORDER**

Plaintiff Power2B, Inc. (Power2B) moves under Federal Rules of Civil Procedure 1 and 16, P. R. 1-2, and the Court's inherent case-management authority for entry of the accompanying Order Focusing Patent Claims and Prior Art (Focusing Order).

Three factors warrant entry of the Focusing Order: (i) Samsung's assertion and reservation of effectively unlimited prior-art invalidity theories; (ii) the lack of prejudice Samsung will suffer due to entry of the proposed Focusing Order; and (iii) the compressed schedule in this case. As proposed, Power2B will elect, no later than three days after entry of the proposed Focusing Order, no more than thirteen asserted claims: three from U.S. Patent No. 8,816,994 ('994 patent), five from U.S. Patent No. 9,946,369 ('369 patent), and five from U.S. Patent No. 10,664,070 ('070 patent) (the Asserted Patents). In turn, by the date of opening expert reports, Samsung will elect no more than six prior-art references per patent, with each obviousness combination counting separately, for a total of no more than eighteen prior-art elections. These are final-stage limits based on this District's Model Order and the stage of the case.

## 1. Argument

### A. Samsung's expansive prior-art invalidity contentions warrant entry of the Focusing Order.

Samsung's current menu of asserted prior art is unmanageable. Only the '994, '369, and '070 Patents remain in this case, and Power2B proposes to narrow its total number of asserted claims to no more than thirteen. Samsung's Supplemental Invalidity Contentions (Invalidity Contentions) identify thirty-five primary-reference charts for the three remaining patents, add extensive secondary-reference lists, and "preserves" combinations of each reference with any other reference(s). Ex. 1 (Invalidity Contentions) at 72-74, 93-97, 114-118. A calculation using those lists yields ***over 8 billion*** potential combinations under the disclosure's literal any-combination language.

For the '994 patent, Samsung identifies Exhibits C1-C15 and C-SR and states that it may combine the primary references with one another and with any reference in those exhibits. Ex. 1 (Invalidity Contentions) at 72. The corresponding '369 and '070 sections preserve the same approach through Exhibits D1-D10 and D-SR, and E1-E10 and E-SR, respectively. *Id*. at 93, 114-115. These disclosures resulted in thousands of pages of invalidity charts for the three remaining patents. For the '369 and '070 Patents, the 10 primary charts, in combination with 22 secondary references, yields over ***4 billion*** potential combinations each.

But the disclosure further invokes "any combination" of references in the exhibits. *Id*. at 76, 99, 120. The supplied charts repeat that Samsung intends to reserve the possibility of combining each and every reference in any number of combinations disclosed in Samsung's Invalidity Contentions, including the numerous "secondary references" disclosed in Samsung's "SR" charts for each patent. And Samsung's reservations do not end with the prior art. Samsung further purports to reserve the possibility to incorporate references in prosecution

histories and post-grant proceedings, forthcoming expert reports, and additional systems and documents. Ex. 1 (Invalidity (Contentions) at 78, 100, 122, 128-130.

While Samsung did not chart every single possibility, Samsung's blanket reservations do not meaningfully identify which combinations Samsung actually contends render the asserted claims obvious, or which references supply particular limitations in those combinations. The Court can resolve this problem without adjudicating the sufficiency of every existing chart. The proposed Focusing Order would allow the parties to focus on those references that Samsung actually intends to bring to trial.

**B. Samsung will not suffer unfair prejudice.**

Samsung cannot establish unfair prejudice merely because it must identify which of its previously identified prior art and combinations thereof it intends to litigate at trial. The proposed Focusing Order does not strike any particular reference, adjudicate the sufficiency of Samsung's existing contentions, or prevent Samsung from presenting an invalidity case. Instead, it permits Samsung to select its strongest grounds only after Power2B has identified the claims that will remain in the case. Samsung therefore will know both the governing claim constructions and Power2B's final list of no more than thirteen claims before it must select its prior-art grounds. And Samsung has had years to investigate and evaluate the prior art identified in its May 31, 2022 Supplemental Invalidity Contentions.

The requested narrowing is also reciprocal. Power2B will reduce the twenty claims presently asserted across the three remaining patents to no more than thirteen claims (a reduction of seven claims). Samsung, in turn, may elect six prior-art grounds against each patent, for as many as eighteen patent-specific grounds. Samsung is not confined to six grounds for the entire case and may select different references or combinations for each patent. Those limits track the

Model Order's final-stage allowance of five claims and six prior-art references per patent, including its requirement that each obviousness combination count separately. The ordinary consequence of any focusing order is that each side must relinquish some alternatives. That consequence is not cognizable prejudice.

All that Samsung may not do under the proposed Focusing Order is continue to assert an effectively unlimited reserve of potential combinations. The loss of that tactical flexibility, however, is not unfair prejudice. The good-cause provision of the proposed Focusing Order (Focusing Order, ¶ 5) independently protects Samsung against any concrete, unforeseen hardship. The Model Order permits modification of its numerical limits upon a showing of good cause, and the proposed order preserves that safeguard. *Id*. Thus, Samsung may identify the specific ground, explain why it presents a distinct issue, and seek appropriate relief if it requires amendment to the final prior art election.

**C. The case schedule warrants entry of the Focusing Order.**

This case is currently operating under a compressed schedule. Fact discovery is scheduled to close on November 16, 2026. Opening expert reports are due on the same day. Recognizing the scheduling constraints, Power2B first approached Samsung about a potential Focusing Order on September 29, 2026. The parties met and conferred and had multiple email communications attempting to resolve this issue without court intervention. However, despite the parties' discussions, Samsung has not agreed to entry of a focusing order or proposed an alternative that would meaningfully narrow its invalidity theories.

Entry of the proposed Focusing Order will permit the parties to concentrate discovery, expert analysis, and trial preparation on the claims and invalidity grounds that will actually be presented to the Court. Continuing to proceed with additional claims and prior art references is

an unnecessary expenditure of the Court's and the parties' resources. Narrowing before expert reports and expert depositions avoids unnecessary expert analysis and trial preparation, as well as later motion practice on these points.

**2. Conclusion**

Power2B requests entry of the focusing order submitted herewith and for all other relief to which it may be entitled.

Dated: October 22, 2026

Respectfully submitted,

By: *<u>/s/Jason A. Wietjes</u>*

Jason A. Wietjes
Texas Bar No. 24042154
jwietjes@polsinelli.com
POLSINELLI PC
4020 Maple Ave., Ste. 300
Dallas, TX 75219
(214) 661-5519

Adam P. Daniels
adaniels@polsinelli.com
POLSINELLI LLP
2049 Century Park E., Ste. 2900
Los Angeles, CA 90067
(310) 556-6754

Mark T. Deming
mdeming@polsinelli.com
POLSINELLI PC
150 N. Riverside, Ste. 3000
Chicago, IL 60606
(312) 819-1900

Shaleen J. Patel
sjpatel@polsinelli.com
POLSINELLI PC
1201 W. Peachtree St. NW, #1100
Atlanta, GA 30309

Jennifer L. Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
McKool Smith, P.C.
104 E. Houston St., Ste. 300
Marshall, TX 75670
(903) 923-9000

*Counsel for Plaintiff Power2B, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), counsel for all parties met and conferred regarding the relief requested herein on October 9, 2026. The parties were unable to reach an agreement during the conference. The parties continued to discuss the subject issue over email but were unable to reach agreement.

By: */s/Jason A. Wietjes*
Jason A. Wietjes

## CERTIFICATE OF SERVICE

The undersigned certifies the foregoing was served upon all counsel of record by the Court's ECF system on October 22, 2026.

By: */s/Jason A. Wietjes*
Jason A. Wietjes